In the
## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

JANE DOE,

      Plaintiff-Appellant,

v.

BEN CARSON, as Executive Director,
U.S. Department of Housing and Urban
Development; GARY HEIDEL, as Acting Executive
Director, Michigan State Housing Development
Authority; UNITED STATES OF AMERICA;

      Defendant-Appellees.

Appeal from the United States District Court
Western District of Michigan, Southern Division
Honorable Janet T. Neff

## BRIEF FOR DEFENDANTS-APPELLEES MICHIGAN STATE HOUSING DEVELOPMENT AUTHORITY AND GARY HEIDEL

Dana Nessel
Attorney General

Fadwa Hammoud
Solicitor General


Erik Graney
Assistant Attorney General
Co-Counsel of Record
Attorneys for Defendant-
Appellee Gary Heidel
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 373-3203

Dated:  March 20,2020

# TABLE OF CONTENTS

Page

Table of Authorities ........................................................................... iii

Statement Regarding Oral Argument ............................................... v

Jurisdictional Statement ................................................................. 1

Statement of Issue Presented ......................................................... 2

Statement of the Case ..................................................................... 3

Summary of Argument .................................................................... 13

I.    The District Court did not abuse its discretion when it denied
      Doe's request to proceed under a pseudonym where Plaintiff
      presented only conjecture alleging a potential for future
      workplace discrimination to support her request for
      anonymity. ............................................................................. 15

      A. Standard of Review ........................................................... 15

      B. Analysis ............................................................................ 15

           1.  The facts and circumstances surrounding Doe's situation do
               not satisfy the factors recognized by this Court and
               therefore do not warrant her proceeding anonymously. ........... 17

II.   The District Court did not abuse its discretion in denying Doe's
      motion for the appointment of counsel where Doe has
      demonstrated her ability to prosecute her case *pro se* and there
      are no issues of fundamental unfairness. ............................. 25

A.    Standard of Review ............................................................. 25

      B.  Analysis ........................................................................... 25

III.  The District Court did not abuse its discretion in denying Doe's
      motion to amend her Complaint because Doe did not provide a
      copy of the proposed amended Complaint to the District Court
      for consideration. ................................................................. 28

Conclusion and Relief Requested ................................................................. 31

Certificate of Compliance ........................................................................ 32

Proof of Service ....................................................................................... 33

# TABLE OF AUTHORITIES

Page

**Cases**

*Cavin v. Michigan Dept. of Corr.,*
927 F.3d 455, (6th Cir. 2019) ....................................... 15, 26

*Citizens for a Strong Ohio v. Marsh,*
123 Fed. Appx. 630 (6th Cir. 2005) ................................... 16

*Doe v. Porter,*
370 F.3d 558 (6th Cir. 2004) ............................. 15, 16, 19, 20

*Doe v. Stegall,*
653 F.2d 180 (5th Cir. 1981) ....................................... 16, 18

*G.E.G. v. Shinseki,*
No. 10-1124 (WD Mich. Feb. 6, 2012) 2012 WL 381589 ..................... 20

*Lavado v. Keohane, et al.,*
992 F.2d 601 (6th Cir. 1993) .............................................. 25

*Morse v McWhorter,*
290 F.3d 795 (6th Cir. 2002) .............................................. 28

*Plaintiff B v. Francis,*
631 F.3d 1310 (11th Cir. 2011) ........................................... 15

*Reneer v. Sewell,*
975 F.2d 258 (6th Cir. 1992) .............................................. 25

*Samad v. Jenkins,*
845 F.2d 660 (6th Cir. 1988) .............................................. 15

*Southern Methodist University Ass'n of Women Law Students v.
Wynne & Jaffe,*
599 F.2d 707 (5th Cir. 1979) ................................... 19, 20, 21

*Trzebuckowski v. City of Cleveland,*
319 F.3d 853, 855 (6th Cir. 2003) ....................................... 17

**Statutes**

18 U.S.C. § 1915 ................................................................ 2, 25

28 U.S.C. § 1291 ................................................................... 1

29 U.S.C. § 791 .................................................................... 1

42 U.S.C. § 12101 ................................................................. 1

**Regulations**

24 CFR § 982.517(e) .............................................................. 5

**Rules**

Fed. R. Civ. P. 10(a)(1) .......................................................... 1

Fed. R. Civ. P. 15(a) .......................................................... 2, 28

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff-Appellant is representing herself *pro se.* Defendants-Appellees Michigan State Housing Development Authority and its acting director, Gary Heidel, believe that the issues in this case can be adequately addressed in the briefs. The applicable legal standards are well established, and the relevant facts are not complex. Therefore, oral argument is not necessary.

# JURISDICTIONAL STATEMENT

Plaintiff Jane Doe filed her Complaint *pro se* alleging a federal question claiming violations of her rights under Section 504 of the Rehabilitation Act of 1973 (29 USC §791 *et seq.*) and the Americans with Disabilities Act of 1973 (42 USC §12101 *et seq.*).  The District Court correctly dismissed Plaintiff's Complaint for lack of jurisdiction pursuant to Fed. R. Civ. P. 10(a)(1). (R & R, RE No. 20, Page ID # 105, 107 and Order of Dismissal, RE no. 32, Page ID # 169-170.)

The District Court's dismissal dated May 30, 2019, is a final decision subject to appeal under 28 U.S.C. § 1291.  Doe filed her notice of appeal on May 17, 2019[1]. (Notice of Appeal, RE No. 28, Page ID # 125.)

---

[1] Doe's Notice of Appeal specifically referenced the "Opinion and Order related to anonymity entered in this action on May 3, 2019 and Order regarding amending the complaint, entered in this action on January 4, 2019." (RE No. 28, at Page ID ## 126-27.)  The Court's Order of Dismissal, entered May 30, 2019, referenced Doe's Notice of Appeal and determined that "[t]o the extent that Plaintiff's May 17, 2019 interlocutory appeal can be properly construed as an untimely appeal to this Court from the Magistrate Judge's January 4 , 2019 order denying her motion to amend her complaint and for appointment of counsel, such appeal is denied."  After denying Plaintiff's appeal to the District Judge, the District Court further ordered that the action be dismissed for lack of jurisdiction. (RE No. 32, Page ID ## 169–70.)

# STATEMENT OF ISSUE PRESENTED

I.     Under Federal Rule of Civil Procedure 10(a), a complaint must name all parties.  An exception to that rule may be granted, allowing the plaintiff to prosecute the case anonymously if the privacy interests of the plaintiff substantially outweigh the presumption of open judicial proceedings. Here, the District Court denied Doe's motion to continue the litigation anonymously because she failed to establish such a privacy interest when she presented only conjecture alleging a potential for future workplace discrimination to support her request for anonymity.  Did the District Court abuse its discretion by denying plaintiff's request to proceed anonymously?

II.    Under 18 USC §1915(e)(1), the court may request counsel to represent a civil litigant, but such appointment is warranted only in exceptional circumstances. Here, Doe demonstrated her ability to prosecute her case *pro se*.  Did the District Court abuse its discretion in denying Doe's motion for the appointment of counsel?

III.   Under Fed R. Civ P. 15(a) leave to amend a complaint shall be freely given when justice so requires.  Plaintiff requested leave to amend her complaint without providing a copy of the proposed amended complaint to the District Court for consideration.  Did the District Court abuse its discretion when it denied Doe's motion to amend her complaint?

# STATEMENT OF THE CASE

Plaintiff filed her Complaint on November 2, 2018, under the pseudonym "Jane Doe," alleging discrimination under the Americans with Disabilities Act arising out of an alleged denial of benefits related to her Section 8 housing voucher. (Compl., RE No. 1, Page ID # 1.) Doe is seeking multiple forms of equitable relief and monetary damages. (*Id.* at Page ID ## 31-33.) She requested permission from the District Court to continue her case under her pseudonym; the District Court denied that request. (Retaining Anonymity Mot. and Brief, RE 12, Page ID #76) *accord with* (Op. and Order, RE No. 27, Page ID # 122.) The District Court then ordered Doe to file an amended complaint, using her true identity, or face dismissal. (R&R, RE No. 20, at Page ID # 107.) Doe refused to file a complaint using her real name and her complaint was dismissed for lack of jurisdiction. (Order of Dismissal, RE No. 32, at Page ID #170.)

Doe appealed the District Court's denial of leave for Doe to proceed anonymously and subsequent dismissal of her complaint; Doe also appeals the District Court's denial of her motions for appointment

of counsel and for leave to amend her Complaint. (Notice of Appeal, RE No. 28, Page ID ## 126-127.)

The District Court dismissed this action prior to the Defendants having filed an answer. Thus, this discussion is limited to the allegations in the Complaint and the exhibits attached to the Complaint, and the District Court's rulings.

Doe alleges that, in October 2013, she moved from Florida to Michigan to live near her children (Compl., RE No.1, at Page ID # 4.) At the time of her move, Doe was the recipient of housing assistance under the Department of Housing and Urban Development (HUD) Housing Choice (Section 8) Voucher program (*Id*.) Doe sought and obtained approval for a transfer of her voucher from Florida to Michigan. (*Id*. at Page ID ## 5-6.)

From October 2013 through September 2015, Doe's daughter lived with her in the "assisted unit," Doe's two-bedroom apartment, for which she received the Section 8 subsidy through Defendant the Michigan State Housing Development Authority (MSHDA). (*Id*. at Page ID # 6.) In September 2015, Doe's daughter moved to Chicago and stopped being a member of Doe's household. Although MSHDA did not require Doe to

move to a one-bedroom apartment, her daughter's move did result in a recalculation of Doe's subsidy to the rate of a one-bedroom apartment. (*Id.* at Page ID # 11.)

Doe's Complaint alleges that her disabilities entitle her, under various laws, to additional monetary accommodations that had not been factored into the adjusted voucher amount after her daughter moved out. Specifically, despite her daughter no longer residing in the apartment as a member of the household, Doe requested a voucher accounting for a two-bedroom unit. (*Id.* at Page ID # 15.)

Doe alleges that a two-bedroom voucher is necessary or required under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) due to "Doe having moved twice in two years" and because Doe was "emotionally exhausted from moving and always paying storage fees…" (RE No. 1, Page ID # 15.) Doe alleges that part of her disability "is the challenge to organize her physical environment." (*Id.*) Doe further alleges that under 24 CFR §982.517(e) she is entitled to a higher allowance for utilities as a reasonable accommodation of her disability. (*Id.* at Page ID #16.)

Doe also seeks to remain in her current location because it is in "fairly good proximity to where [Doe's son] lives." (*Id*. at Page ID # 16.) Doe's Complaint alleges that, given the proximity to her adult son, an increased voucher amount, allowing her to continue to rent her current apartment was a required accommodation for her "brain dysfunction" disability. (RE No. 1, Page ID # 2.)  The only tangible evidence of her alleged disability and its scope that Doe submits to support her claim that she is entitled to a housing voucher for a two-bedroom apartment is Exhibit 1 to her Motion to File 2nd Amendment to Complaint, which is a letter denying her insurance application.  (Mot. to File 2nd Am to Compl., RE No. 11 Page ID # 67; see also RE No. 1, at Page ID # 27 *accord with* RE No. 11, at Page ID # 75.)  Again, Defendants did not require Doe to move after Doe's daughter was no longer a member of the household; instead, they simply adjusted the amount of her subsidy to the rate in effect for one-bedroom apartments.  (*Id*., at Page ID # 11-12.)

Doe also alleges that MSHDA has improperly calculated her income by failing to properly deduct the cost of certain alleged medications or supplements from her income, for purposes of

determining the amount of her rental subsidy. (*Id*. at Page ID ## 11-12.) Doe's allegations are contained in her Complaint and in a "supplement" or amendment to her Complaint that she filed as of right. (Request Permission to Further Am. Compl., and Request that Court Appoint an Attorney for Doe, RE No. 11 at Page ID # 67.)

## A.   Doe files a motion to retain anonymity.

Doe filed a motion to retain anonymity. (Retaining Anonymity, Mot. and Br., RE No. 12 at Page ID # 76.)  She asserted that she should be able to maintain this action under the pseudonym "Doe" because [a]nything made public is published on the internet or sold by information vendors on the internet and cannot be removed." (*Id.* at Page ID # 77.)  Doe claimed that [r]evealing medical diagnoses of brain disorders…renders an individual subject to fear, paranoia, ridicule and intimidation due to the public's inadequate understanding and false negative assumptions of the true nature of unseen disabilities."  (*Id.*)  In her motion, Doe argued that "[t]he chill factor will be substantial if mentally ill people have to be individually identified…" and that "it is the rights of the mentally disabled persons which would be of interest in this case, not the identity of Jane Doe."  (*Id.* at Page ID # 84.)

The motion was referred to the Magistrate, who issued a Report and Recommendation dated January 4, 2019, recommending the Plaintiff's Motion to Retain Anonymity be denied. The Magistrate's recommendation was based on Doe's circumstances failing to satisfy the four factors considered by the Court, when determining whether a protective order granting anonymity is warranted. (R & R, RE No. 20, Page ID # 107.) The Report and Recommendation further instructed that "Plaintiff either amend her complaint to properly identify herself or this action be dismissed for lack of jurisdiction[]" citing the requirement of Federal Rule of Civil procedure 10(a) that "the complaint must name all parties[]" (*Id.* at Page ID #105.) The Report and Recommendation provided further that, unless an exception to Federal Rule of Civil Procedure 10(a) is warranted, the federal courts lack jurisdiction over unnamed parties. The Magistrate determined that Doe's circumstances did not warrant an exception to the general rule. (*Id.*, at Page ID # 107.)

The Magistrate recommended that if, within 21 days of its filing, the Plaintiff fails to amend the Complaint and identify herself with her legal name, the matter should be dismissed for lack of jurisdiction. (*Id.*)

The Magistrate reasoned that although the action appears to implicate "Plaintiff's medical condition and/or treatment" and that the "Court is sympathetic to Plaintiff's desire to maintain a certain level of privacy…" the records could be submitted to the Court under seal. (*Id.*)

On January 18, 2019, Plaintiff filed her Objection to Magistrate's Report and Recommendation Regarding Plaintiff's Motion to Retain Anonymity. Doe addressed only one of the factors Courts consider when weighing a request for anonymity, namely whether Doe's circumstances present a matter of the "utmost intimacy." Doe asserted that the Magistrate failed to properly weigh the implications of being labeled mentally disabled and that providing medical records under seal would not sufficiently protect her from the release of the information. (Obj. to R & R, RE No. 26, Page ID # 119.) Doe alleged that she would "never be able to work again if the court insists on putting a permanent record on the internet of the illness in her real name." (*Id.* at Page ID # 121.)

On May 3, 2019, the District Court issued an Opinion and Order, noting that Doe raised only the "utmost intimacy" factor, denying Plaintiff's Objections to the Report and Recommendation and instead adopting it. (Op. and Order, RE No. 27, Page ID # 122.) The Court

further ordered that if Plaintiff failed to amend her Complaint to identify herself by her legal name within 21 days after the entry of the Opinion and Order, the matter will be dismissed for lack of jurisdiction. (Op. and Order, RE No. 27, Page ID # 122.) The Court reasoned that, despite Doe's concern that she would not be able to work again if her real name was used, Doe "fail[ed] to demonstrate any factual or legal error by the Magistrate Judge." (*Id*. at Page ID # 123.) The Court agreed that "concerns about stigma and scrutiny from prospective employers do not involve information 'of the utmost intimacy'", opining that Doe's concerns constituted the "type of concerns harbored by other similarly situated litigants who file lawsuits under their real names." (*Id*.) The Court further reasoned that Doe failed to demonstrate any error on the part of the Magistrate Judge's conclusion that "all four factors, when considered together, [did] not demonstrate the exceptional circumstances necessary to remove this case from the general rule requiring that a plaintiff's Complaint 'must name all the parties.'" (*Id*.)

On May 17, 2019, Plaintiff filed a Notice of Appeal as to the denial of her motions to maintain anonymity and to seek leave to again amend her Complaint. (Notice of Appeal, RE No. 28, Page ID ## 125, 126–127.)

On May 30, 2019, the District Court entered an Order of Dismissal holding that "[t]o the extent Plaintiff's May 17, 2019 interlocutory appeal can be properly construed as an untimely appeal to this Court from the Magistrate Judge's January 4, 2019 order denying her motion to amend her Complaint for appointment of counsel, such appeal is denied." The District Court further held that the Magistrate Judge's decision was "neither clearly erroneous nor contrary to law but a proper exercise of her discretion." (Order of Dismissal, RE No. 32, Page ID # 169–170.) The District Court further held that since Doe had not complied with Fed R. Civ P. 10(a) and more than 21 days had passed since entry of the May 3, 2019 Opinion and Order, the action was dismissed for lack of jurisdiction. (*Id.* at Page ID # 170.)

## B. Doe files a motion for the appointment of counsel.

Before the proceedings outlined above, Doe requested the District Court to appoint an attorney for her. (*See* Request Permission to Further Am. Compl., and Request that Court Appoint an Attorney for Doe, RE No. 11 at Page ID # 67.) This request was included with Doe's motion to amend her Complaint, which is discussed further below.

The District Court denied Doe's motion for appointment of counsel because, at the time of filing, the Court did not believe that the factors warranting appointment were present. (1/4/2019 Order, RE No. 19 at Page ID # 104.) The District Court retained the authority to reconsider its decision, if the relevant factors presented themselves in the future. (*Id.*) To date, Doe has not presented any such additional factors.

## C. Doe files a motion to amend her Complaint.

After filing her amended Complaint, as of right, Doe filed a motion to amend her Complaint without attaching a proposed amended Complaint for review, instead asking for permission to later file an amended Complaint. (Req. Permission to Further Amend Complaint, and Req. that Court Appoint an Attorney for Doe, RE No. 11, Page ID # 71.)

In an Order dated January 4, 2019, the District Court denied Plaintiff's Motion to Amend Complaint due to Doe's failure to submit a complete proposed amended Complaint with her Motion. (1/4/2019 Order, RE No. 19, Page ID # 103.)

## SUMMARY OF ARGUMENT

The District Court did not abuse its discretion when it denied

Doe's motion to retain anonymity and conditioned her ability to pursue

her claims on identifying herself by her real name.  Doe presented only

conjecture about what harm could result if she were required to comply

with Federal Rule Civ Procedure 10.  Further, Doe's privacy interests

could have been adequately protected by alternative measures that

would not significantly impair the public's right to a transparent

judicial process.

The District Court also acted within its discretion in denying Doe's

request to have legal representation appointed to her.  Legal

representation in a civil matter is not a constitutional right, and the

legal issues underlying this litigation are not overly complex.  In

addition, Doe has shown that she is capable of adequately representing

her own interests.

Finally, the District Court did not err in denying Doe's request to

amend her Complaint.  Doe's motion for a second amendment did not

indicate precisely when she intended to file the new Complaint, nor did

she provide a copy of the Complaint for review by the Defendants.  Even

though leave to amend one's complaint is to be freely given when justice so requires, Doe failed to show that justice required an amendment. Doe's failures to provide a copy of the proposed amended Complaint and to state precisely when she intended to file any such amended Complaint created a situation in which, to grant Doe's request would not merely be a convenience to Doe, it would severely prejudice the Defendants' ability to properly respond in accordance with the Federal Rules of Civil Procedure, creating a manifest injustice.

# ARGUMENT

I. **The District Court did not abuse its discretion when it denied Doe's request to proceed under a pseudonym where Plaintiff presented only conjecture alleging a potential for future workplace discrimination to support her request for anonymity.**

## A. Standard of Review

The grant or denial of a protective order by a district court reviewed for an abuse of discretion. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (citing *Samad v. Jenkins,* 845 F.2d 660, 663 (6th Cir. 1988)). As opined by this Court, "[a]buse of discretion is a highly deferential standard, and we are loath to second guess district courts." *Cavin v. Michigan Dept of Corr.*, 927 F3d 455, 461 (6th Cir. 2019).

## B. Analysis

Federal Rule of Civil Procedure 10(a) requires that "[t]he title of the complaint must name all of the parties[.]" (Fed. R. Civ. P 10(a)) The rule "serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties. This creates a strong presumption in favor of parties proceeding in their own names." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011.) (citations omitted). "Plaintiffs are permitted to proceed anonymously only in

exceptional circumstances." (RE No. 20, at Page ID # 105.) (referencing *Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 636 (6th Cir. Jan. 3, 2005.) However, a party may be excepted from the requirement to file a lawsuit in their own name if the party requesting such an exception can show certain circumstances exist. *See Doe v Porter*, 370 F.3d at 560. No hard-fast test exists to determine whether a protective order allowing a plaintiff to proceed anonymously should be granted. *See Doe v Stegall*, 653 F.2d 180 (5th Cir. 1981) and *Doe v Porter*, 370 F.3d at 560.) The Sixth Circuit has recognized four factors to consider, when determining whether circumstances justify an exception to Federal Rule of Civil Procedure 10(a) requiring that a complaint must state the name of all parties. These factors are:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. [*Doe v Porter*, 370 F3d 558, 560 (6th Cir. 2004) (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).]

### 1. The facts and circumstances surrounding Doe's situation do not satisfy the factors recognized by this Court and therefore do not warrant her proceeding anonymously.

In this case, only the first two factors even arguably apply. And by raising only the "utmost intimacy" factor in her Objections to the Report and Recommendation below, Doe preserved only this single issue for appeal. *See Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003) (holding that a challenge to a dismissal of a due-process claim was waived for failure to object to the Report and Recommendation); (Order, RE No. 26, Page ID # 119–121).

In any event, the third and fourth factors are summarily disposed of because Doe does not make any claim that she is a minor, nor has she made any allegations that she seeks to continue in any activity which may currently be considered illegal. Therefore, those two factors do not weigh in favor of Doe being granted an exception.

As to the first factor, even if preserved, it would not weigh in Doe's favor, as discussed below. Similarly, Doe has failed to demonstrate that the second factor weighs in favor of an exception, as discussed further below.

### a. To the extent Doe asserts she is challenging a governmental action, this factor does not weigh in favor of an exception under Fed. R. Civ. P. 10.

Doe seeks relief stemming from what she alleges to be discrimination by a government agency or agencies in the context of federal housing subsidies. However, "in only a very few cases challenging governmental activity can anonymity be justified." *Doe v. Stegall*, 653 F.2d at 186. This is not one of those cases.

Here, despite having extensively briefed the reasons that she believes that a protective order granting her the right to anonymity is warranted, Doe has made no mention of any concerns related to the fact that her litigation involves governmental defendants. Doe's stated concerns all revolve around what she believes to be the social stigma surrounding mental illness and the potential for future discrimination against her by someone other than Defendants, should she be identified in this lawsuit.

Because Doe has not asserted that she is concerned with the government being aware of her identity, this factor does not weigh in favor of her request for anonymity, and at a minimum, it stands to reason that this factor should be given only minimal consideration in

weighing Doe's privacy interest against the public's right to openness in litigation.

> **b.** **The District Court did not abuse its discretion in determining that requiring Doe to prosecute the action using her real name would not compel her to disclose information of the "utmost intimacy."**

The issues considered to be of the "utmost intimacy" for the purposes of this analysis are not subject to creation by individuals and are limited to "matters of a sensitive and highly personal nature[.]" *Southern Methodist University Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F. 2d 707, 712-713 (5th Cir. 1979)  The Sixth Circuit has specifically recognized matters relating to "birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families" as matters of the "utmost intimacy[.]" *See Doe v Porter*, 370 F.3d at 560 and *Southern Methodist University Ass'n of Women Law Students at 712-713.*  Though the matters specifically recognized in *Southern Methodist University Ass'n of Women Law Students* as being of the "utmost intimacy" did not necessarily constitute an exhaustive list, they are illustrative of the sort of issues that the Court has determined are more than merely potentially

embarrassing issues for a plaintiff, which would not warrant a protective order allowing a plaintiff to proceed anonymously.

A protective order granting a plaintiff the option to proceed anonymously is warranted when the "plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v Porter*, 370 F.3d at 560. The mere idea that a plaintiff may have to disclose a certain amount of potentially uncomfortable or embarrassing information to prosecute his or her case is not enough to warrant a protective order granting a plaintiff the ability to proceed anonymously. As the District Court for the Western District of Michigan opined in *G.E.G v. Shinseki*, No. 10-1124 (WD Mich. Feb. 6, 2012) (2012 WL 381589) "[d]isability discrimination cases involving disabilities such as those alleged by Plaintiff are routinely filed by named plaintiffs."[2]

Doe makes an argument that times are changing and that certain matters identified in *Southern Methodist University Ass'n of Women*

---

[2] The plaintiff in *GEG v. Shinseki,* No. 10-1124 (WD Mich. Feb. 6, 2012) (*2012 WL 381589*), alleged disability due to among other things attention deficit disorder/unspecified learning disorder, and anxiety disorder.

*Law Students* should no longer qualify as matters "of the utmost" intimacy, while at the same time arguing that matters of mental disabilities should be.  (Br. of Appellant Jane Doe, pp. 50–51, filed 02/24/20.)  Without any support whatsoever beyond her own conjecture, Doe argues that, for purposes of retaining anonymity, mental illness should today be considered an issue of the utmost intimacy in the same way that homosexuality, birth control, and abortion were when *Southern Methodist University Ass'n of Women Law Students* was decided.  (RE No. 26, Page ID # 120).  Doe further claims, without any evidentiary support beyond her own conjecture, that the current social stigma surrounding mental illness is so extreme that to be identified by name in this case, would undoubtedly expose her to future discrimination by her peers, making future attempts at employment unrealistic, if not impossible. (*Id*. at Page ID # 121 *and* Br. of Appellant Jane Doe, pp. 14-15, filed 02/24/20)

Doe makes these claims without providing any factual basis to evidence that she will face even a reasonable likelihood that her fears will manifest, outside of her own imagination.  Doe did not provide the District Court with any evidence to support these assertions or any

examples of past discrimination against her by employers based on her mental disabilities. And, beyond her general assertion that MSHDA's rental subsidy calculation discriminates against her, she provided no specific and substantiated instances of discrimination, or threats of discrimination faced by her, due to her mental condition.

Doe sought a protective order without a factual basis for one to be granted, either particularized to her circumstance or even through historical or generalized fact-based evidence. If the District Court had granted her the right to proceed anonymously, it would have done so based solely on her conjecture that she (and any others with mental disabilities) could potentially be discriminated against in the future.

While Doe does assert that denying her the right to proceed anonymously is a denial of her First Amendment rights, as the District Court noted she "fail[ed] to persuade the Court that pursuit of her claims will compel Plaintiff to reveal information 'of the utmost intimacy.'" (R&R, RE No. 20, at Page ID # 106.)

Mental disabilities/illnesses encompass a broad range of conditions and, as Doe herself acknowledges, even those suffering from

the same mental illness do not necessarily suffer in the same way[3].

Courts are ill-equipped to make what are tantamount to medical

determinations as to the extent of a disability that would warrant

anonymity without, at a minimum, some fact-based supporting

evidence. That is not to say that the mental illness or disability could

never weigh in favor of anonymity, under certain circumstances. But at

a minimum, when determining whether the privacy interests of the

plaintiff substantially outweigh the presumption of open judicial

proceedings, courts should base their decisions on evidence greater than

the conjecture of the plaintiff seeking the order. To do otherwise would

allow the exception of anonymity to overtake the rule of openness.

    In this case, Doe's request to the District Court to remain

anonymous was not based in fact, but instead on her own speculation

that a future employer may violate the law and discriminate against

her if it were to somehow become aware of this lawsuit and thereby

become aware of Doe's alleged disability.[4] Doe has not presented

---

[3] *See* Request for New Judge per 28 USC 144 if Case is Remanded,
Motion and Affidavit of Appellant, Jane Doe, at page 13.
[4] In that regard, Defendants submit that Doe's year-long absence from
the workforce would presumably be a topic of discussion during any
interview for future employment, in any event.

anything but conjecture to support her request for anonymity with respect to this factor. For this reason alone, the District Court did not abuse its discretion in denying Doe's request for anonymity.

In sum, even if Doe had preserved her ability to object to or appeal the District Court's ruling as to all of the factors, when considered individually or together, they do not weigh in favor of granting Doe the extraordinary exception to proceed anonymously in this case. Further, because Doe has only preserved the "utmost intimacy" issue for appeal, she has waived her right to have this Court consider or weigh this factor with the other factors. Though, even if Doe had properly preserved all of her arguments for appeal, the factors do not weigh in her favor. Doe's motion to retain anonymity provided no facts specific to Doe, as a basis for her fears, and instead presented the District Court only her generalized belief and unsubstantiated assertions that any information made public through legal filings could and would be broadly dispersed on the internet with negative outcomes for her. (Retaining Anonymity Mot. and Br., RE No. 12, at Page ID # 76.) Consequently, the District Court did not abuse its discretion in denying her request to remain anonymous.

**II.    The District Court did not abuse its discretion in denying Doe's motion for the appointment of counsel where Doe has demonstrated her ability to prosecute her case *pro se* and there are no issues of fundamental unfairness.**

**A.    Standard of Review**

A district court's order denying the appointment of counsel to a civil litigant is reviewed for an abuse of discretion.  *Lavado v Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

**B.    Analysis**

Under 18 USC §1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  But "[t]he appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in "'fundamental unfairness impinging on due process rights.'" *Reneer v. Sewell*, 975 F.2d 258, 26–61 (6th Cir. 1992). Further, the "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado at pp. 605-60* (internal citations omitted).  "It is the rare civil case in which a court must provide a party an attorney, and only 'exceptional circumstances' require deviating from this rule.

District courts look to the complexity of the case and the ability of the plaintiff to represent himself." *Cavin v Michigan Dept. of Corr.*, 927 F.3d 455, 461–62 (6th Cir. 2019) (internal citations omitted).

Here, the District Court did not abuse its discretion when it denied Doe's request to have legal counsel appointed. The issues underlying plaintiff's Complaint are not overly complex and there are no implications of fundamental unfairness.

Doe's original Complaint simply alleges that she was denied certain benefits to which she was entitled. Doe sought appointment of counsel to assist her, stating that sometimes her disabilities make organizing her thoughts more difficult. However, Doe has demonstrated that she is capable of legal research and presenting her arguments. In fact, she affirmatively filed a motion to remain anonymous without the District Court first warning her to seek permission to proceed anonymously. (Retaining Anonymity Mot. and Brief RE 12, Page ID # 76.)

Further, despite any disabilities that Doe may have, she has made no claims that she is mentally incompetent. In fact, Doe describes herself as having "functional limitations including slow thinking, but

she likes to believe she doesn't have intellectual or ethical problems." (Appellant Brief filed by Jane Doe in 19-1566, 19-1714, RE No. 21, Page ID # 9.)  To the extent she has a mental disability, it has not prevented her from understanding the basis of her arguments or being able to present them to the Court.

In addition, there is no fundamental unfairness simply because a *pro se* Plaintiff's Complaint was dismissed on procedural grounds. This is because Doe's failure to comply with the District Court's procedural rules, and the resulting dismissal, are based on her knowing refusals to comply, not a lack of understanding.

In short, the matter underlying Doe's Complaint is not overly complex, and Doe has demonstrated that she is capable of representing her own interests to the Court. For those reasons, the District Court did not abuse its discretion in denying Doe's request to have counsel appointed to her.

**III.** **The District Court did not abuse its discretion in denying Doe's motion to amend her Complaint because Doe did not provide a copy of the proposed amended Complaint to the District Court for consideration.**

**A.** **Standard of Review**

"Except in cases where the district court bases its decision on the legal conclusion that an amended complaint could not withstand a motion to dismiss, we review a district court's denial of leave to amend for abuse of discretion." *Morse v. McWhorter*, 290 F.3d 795, 799–800 (6th Cir. 2002) (internal citations omitted).

**B.** **Analysis**

Federal Rule of Civil Procedure Rule 15(a) states that leave to amend "shall be freely given when justice so requires." However, there are limitations to this liberal policy toward granting the right to amendments.

The factors relevant when considering a motion to amend include: (1) undue delay in filing, (2) lack of notice to the opposing party, (3) bad faith by the moving party, (4) repeated failure to cure deficiencies by previous amendments, (5) undue prejudice to the opposing party, and (6) futility of amendment. *Wade v. Knoxville Utilities Board*, 259 F.3d 452, 458 (6th Cir. 2001).

Here, Doe asserted to the District Court that she wanted to amend her Complaint, yet she also continues to assert that she should be relieved of the court's requirement than any motion to amend a complaint be accompanied by a copy of the amended complaint. (RE 11, Page ID # 71). In effect, Doe seeks the option to amend her Complaint by supplement, without limitation. To allow that would give rise to a fundamental unfairness to the Defendants in this matter, sounding in the second, fourth, fifth, and sixth factors cited in *Wade*.

Without a proposed amended Complaint, the Defendants would be severely prejudiced in that, without an actual copy of the proposed amended Complaint, they cannot effectively evaluate the proposed amended Complaint and either determine whether they plan to answer or object to its being filed.

Plaintiff's filings already skirt along the outer edges of the Federal Rules of Civil Procedure structurally. Without having a proposed amended Complaint to review, the Defendants would be placed in the untenable position of having to make certain assumptions as to what Doe's final allegations would be, and when those may be filed. It would be fundamentally unfair to allow plaintiff the discretion that she

demands, without even providing the Defendants the benefit of reviewing the proposed Complaint in final form, so as to determine their appropriate response, under the Federal Rules of Civil Procedure.

It should also be noted that if this Court affirms the decision of the District Court, with respect to denying Doe a protective order and allowing her to proceed anonymously, any attempted revision of an anonymously presented complaint would be futile, as the District Court has already ruled that it lacks jurisdiction for such a claim.

Doe is not seeking the right to simply amend her Complaint. She is seeking the right to submit an amended Complaint, before she even completes drafting of that amended Complaint. She is requesting leave to file an amended Complaint, without the Court being able to pre-assess whether it is futile and without the Defendants being able to review it and potentially object. For those reasons, the District Court did not abuse its discretion in dismissing Doe's complaint, without allowing for an amended Complaint.

## CONCLUSION AND RELIEF REQUESTED

The District Court did not abuse its discretion when it denied Plaintiff Jane Doe's: (1) request to proceed with her complaint anonymously; (2) motion to have counsel appointed to her; and (3) motion for leave to amend her complaint. Accordingly, Defendants MSHDA and Gary Heidel, as Acting Executive Director, MSHDA ask that the District Court's Orders be affirmed.

Respectfully submitted,

Dana Nessel
Michigan Attorney General

Fadwa Hammoud
Solicitor General

/s/ Erik A. Graney (P69942)
Attorney for Defendant GARY
HEIDEL, as Acting Executive
Director, Michigan State
Housing Development Authority
Michigan Department of
Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 373-1162 (phone)
graneye@michigan.gov

Dated: March 20, 2020

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i) because this brief contains no more than 13,000 words. There are a total of 5,958 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief bas been prepared in a proportionally spaced typeface using Word 2020 in 14-point Century Schoolbook.

/s/ Erik A. Graney (P69942)
Attorney for Defendant-Appellee
Michigan Department of
Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 373-1162 (phone)
graneye@michigan.gov

## PROOF OF SERVICE

I certify that on March 20, 2020, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record (designated below).

Jane Doe
P.O. Box 230721
Grand Rapids, MI 49523

/s/ Erik A. Graney (P69942)
Attorney for Defendant GARY
HEIDEL, as Acting Executive
Director, Michigan State
Housing Development Authority
Michigan Department of
Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 373-1162 (phone)
graneye@michigan.gov

# DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Defendant-Appellees, per Sixth Circuit Rule 28(a), 28(a)(1)-(2),

30(b), hereby designate the following portions of the record on appeal:

| Description of Entry | Date | Record Entry No. | Page ID No. Range |
|---|---|---|---|
| Complaint | 11/02/18 | RE No. 1 | 1-33 |
| Request Permission to Further Amend Complaint, and Request that Court Appoint an Attorney for Doe | 12/07/18 | RE No. 11 | 67-75 |
| Retaining Anonymity Motion and Brief | 12/07/18 | RE No. 12 | 76-87 |
| Order | 01/04/19 | RE No. 19 | 103-104 |
| Report and Recommendation | 01/04/19 | RE No. 20 | 105-107 |
| Objection to Magistrate's Recommendation Regarding Plaintiff's Motion to Retain Anonymity | 01/18/19 | RE No. 26 | 119-121 |
| Opinion and Order | 05/03/19 | RE No. 27 | 122-124 |
| Notice of Appeal | 05/17/19 | RE No. 28 | 125-127 |
| Order of Dismissal | 05/30/19 | RE No. 32 | 169-170 |
| | | | |