Nos. 19-1566/19-1714

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

———————————————

JANE DOE,

*Plaintiff-Appellant,*

v.

BEN CARSON, et al.,

*Defendants-Appellees.*

———————————————

On Appeal from the United States District Court
for the Western District of Michigan
No. 1:18-cv-01231

———————————————

**BRIEF FOR APPELLEE**

———————————————

ANDREW BYERLY BIRGE
*United States Attorney*

JEANNE F. LONG
*Assistant United States Attorney*
Post Office Box 208
Grand Rapids, Michigan 49501-0208
(616) 456-2404

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................... iii

STATEMENT REGARDING ORAL ARGUMENT ................................. v

STATEMENT OF JURISDICTION ...................................................... 1

ISSUES PRESENTED ........................................................................ 3

STATEMENT OF THE CASE ............................................................. 4

SUMMARY OF THE ARGUMENT ...................................................... 8

ARGUMENT ...................................................................................... 10

I.      Doe did not commence an action because she never named herself. The district court accordingly did not err when it dismissed her complaint for lack of jurisdiction. ............................................................. 10

II.     The district court did not abuse its discretion when it denied Doe's motion to proceed anonymously. ............................................................. 13

      A.     The first factor, a governmental defendant, does not weigh in favor of anonymity. ............................................................. 17

      B.     Doe's alleged mental health condition does not overcome the presumption against anonymity because it is neither central to her claim nor "of the utmost intimacy." ........................... 18

      C.     Doe's circumstances as a whole do not present such an unusual situation in which the need for anonymity outweighs the presumption of openness. .............................. 20

      D.     Any sensitive information can be protected by methods that are narrower than sealing the case or hiding Doe's identity. ............................................................. 22

CONCLUSION .................................................................................. 23

i

CERTIFICATE OF SERVICE.................................................................24

CERTIFICATE OF COMPLIANCE......................................................25

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS .26

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Brown & Williamson Tobacco Corp. v. F.T.C.*,
  710 F.2d 1165 (6th Cir. 1983) .................................................... 13, 14, 21

*Citizens for a Strong Ohio v. Marsh*,
  123 F. App'x 630 (6th Cir. 2005) .................................................... 12, 15

*De Angelis v. Nat'l Entm't Grp. LLC*,
  No. 2:17-CV-00924, 2019 WL 1071575 (S.D. Ohio Mar. 7, 2019) . 20, 21

*Doe v. Frank*,
  951 F.2d 320 (11th Cir. 1992) ...................................................... passim

*Doe v. Ky. Cmty. & Tech. Coll. Sys.*,
  No. CV 20-6-DLB, 2020 WL 495513 (E.D. Ky. Jan. 30, 2020) 11, 19, 21

*Doe v. Porter*,
  370 F.3d 558 (6th Cir. 2004) ........................................................ passim

*Haio v. I.N.S.*,
  199 F.3d 302 (6th Cir. 1999) ............................................................... 10

*Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*,
  886 F.2d 1240 (10th Cir. 1989) ........................................... 8, 10, 11, 13

*Perry v. Broad. Music, Inc.*,
  23 F. App'x 210 (6th Cir. 2001) ........................................................... 10

*Prudential Sec., Inc. v. Yingling*,
  226 F.3d 668 (6th Cir. 2000) ............................................................. 1, 5

*Wade v. Knoxville Utils. Bd.*,
  259 F.3d 452 (6th Cir. 2001) ................................................................. 5

*Whitfield v. Tennessee*,
  639 F.3d 253 (6th Cir. 2011) ............................................................... 19

**Statutes**

5 U.S.C. § 702 ...........................................................................4

28 U.S.C. § 1291 .......................................................................2

42 U.S.C. § 12132 ...................................................................19

**Rules**

Fed. R. App. P. 4 .....................................................................1

Fed. R. Civ. P. 3 .....................................................................10

Fed. R. Civ. P. 4 ...............................................................10, 11

Fed. R. Civ. P. 10(a) ...............................................6, 8, 10, 13

Fed. R. Civ. P. 11(a) .............................................................11

Fed. R. Civ. P. 17 ...................................................................12

# STATEMENT REGARDING ORAL ARGUMENT

Oral argument is unnecessary in this case because the facts and legal arguments are adequately presented in the briefs and record. The Court's decisional process would not be significantly aided by oral argument.

## STATEMENT OF JURISDICTION

On May 3, 2019, the district court ordered that it would dismiss Doe's complaint for lack of jurisdiction if she[1] failed to file within 21 days "an Amended Complaint to properly identify herself in compliance with Federal Rule of Civil Procedure 10(a)." (R.27: Op. and Order, PageID.123-24.) On May 17, 2019, Doe timely filed a notice of interlocutory appeal from this order. (R.28: Notice, PageID.126.) The Court docketed this appeal as case number 19-1566.

On May 30, 2019, Doe not having identified herself, the district court dismissed Doe's claim for lack of jurisdiction. (R.32: Order of Dismissal, PageID.170.) On June 12, 2019, Doe appealed. (R.33: Order, PageID.172 (construing Doe's motion as a notice of appeal).) The notice timely appealed the May 30, 2019, final order. *See* Fed. R. App. P. 4(a)(1)(B). The Court docketed the appeal as case number 19-1714.

Case number 19-1566 is moot because the orders appealed from therein merged into the final judgment, which Doe appealed in case number 19-1714. *Cf. Prudential Sec., Inc. v. Yingling*, 226 F.3d 668,

---

[1] This brief uses feminine pronouns (she/her) to refer to Doe because Doe used them. (*See, e.g.*, Doe App. Br. at 12 (mentioning "Doe's request to redact her real name").)

1

671 (6th Cir. 2000) (collecting cases and holding that "[a]n appeal from a judgment normally includes all prior nonfinal orders and rulings"). The Court has jurisdiction of case number 19-1714 under 28 U.S.C. § 1291.

# ISSUES PRESENTED

1.      Doe filed a complaint under a pseudonym and never identified herself to the district court.  The district court notified Doe that it would dismiss the action for lack of jurisdiction unless Doe filed an amended complaint properly identifying herself.  Did the district court err in dismissing Doe's complaint for lack of jurisdiction when Doe refused to identify herself?

2.      Several months after filing the pseudonymous complaint, Doe filed a motion offering to identify herself if the district court would permanently seal the entire case and issue certain injunctive and other orders to protect Doe's identity.  Did the district court abuse its discretion in denying Doe's motion?

## STATEMENT OF THE CASE

Doe filed a complaint in the Western District of Michigan against various state and federal parties. (R.1: Complaint, PageID.1.) The complaint described the plaintiff as Jane Doe and only included a post office box; it did not state her address, e-mail address, or telephone number. (*Id.*)

Doe's complaint sought review of an agency action under the Administrative Procedures Act, 5 U.S.C. § 702. (*Id.* at PageID.3.) Specifically, Doe alleged the state and federal defendants violated the law by taking too long to grant her an extension of a voucher that permitted her to transfer her Section 8 housing from one state to another; requiring her to submit paperwork to maintain her voucher eligibility; forcing her to wait until the first of the month before transferring her voucher again; refusing to subsidize a two-bedroom unit after her daughter moved out; and certain other "minor issues" regarding their calculating her income, processing her paperwork, and communicating with her. (*Id.* at PageID.6-17.)

Doe filed an amended complaint. (R.7: Amendment to Complaint, PageID.47.) She later moved to further amend her complaint and to be

appointed an attorney. (R.11: Motion, PageID.67-73.) Doe did not include with her motion her proposed amendments. (*Id.*) Doe also moved the court to "keep permanently sealed from the public" her "actual identity" and to issue various permanent injunctions and orders designed to retain her anonymity. (R.12: Motion, PageID.76-77.)

Defendant Poleski objected to Doe's motion to further amend her complaint. (R.18: Response, PageID.101.) He objected in part because Doe had not submitted a proposed amended complaint with her motion, which left the defendants and the district court unable to assess the merits of any opposition to an amended complaint, including its futility. (*Id.* (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458 (6th Cir. 2001)).)

On January 4, 2019, Magistrate Judge Carmody denied Doe's request to file a second amended complaint and for appointment of counsel. (R.19: Order, Page ID.103; *see also* R.11: Motion, PageID.67.) The same day, she issued a separate Report and Recommendation regarding Doe's motion to seal the case and retain anonymity. (R.20: Report and Recommendation, PageID.105.)

Magistrate Judge Carmody recommended the district court deny Doe's motion to seal. She noted that Rule 10(a) of the Federal Rules of Civil Procedure requires a complaint to name all parties; a plaintiff may proceed anonymously only in exceptional circumstances; and the court generally lacks jurisdiction over an anonymous complaint. (*Id.* at PageID.105-106.) She accurately identified the factors relevant to permitting a plaintiff to proceed anonymously. (*Id.* at PageID.106.) She noted Doe's concern "that prosecution of this action appears to implicate Plaintiff's medical condition and/or treatment," but she concluded that Doe could request permission to submit under seal specific medical records that disclosed her condition, which "weigh[ed] against Plaintiff's request" to seal the entire action. (*Id.* at PageID.106, 107.) After reviewing the factors, Magistrate Judge Carmody found that, "[i]n sum," Doe had not established that "pursuit of her claims will compel Plaintiff to reveal information 'of the utmost intimacy.'" (*Id.* at PageID.106, 107.) For these reasons, she recommended the district court deny Doe's motion to seal the case and retain anonymity. (*Id.*)

On May 3, 2019, the district court adopted the Report and Recommendation. (R.27: Op. and Order, PageID.123-24.) It entered an

order stating that it would dismiss Doe's complaint for lack of jurisdiction if she failed to file within 21 days "an Amended Complaint to properly identify herself in compliance with Federal Rule of Civil Procedure 10(a)." (*Id.*) Doe timely filed a notice of interlocutory appeal from this order. (R.28: Notice, PageID.125-27.) This Court docketed the appeal as case number 19-1566.

On May 30, 2019, the district court dismissed Doe's complaint for lack of jurisdiction because Doe had failed to file an amended complaint identifying herself, as directed. (R.32: Order, PageID.170.) Doe timely appealed this final order. (R.33: Order, PageID.172 (construing Doe's motion to the Sixth Circuit as a notice of appeal).) This Court docketed this appeal as case number 19-1714.

On January 8, 2020, the Court consolidated appeals numbered 19-1566 and 19-1714 for briefing and submission. (*See, e.g.*, 6th Cir. Case No. 19-1566: R.18-2.)

## SUMMARY OF THE ARGUMENT

First, the district court lacked subject-matter jurisdiction over this matter because Doe failed to name any party as plaintiff. By naming only a pseudonym and never identifying herself, Doe failed to commence an action. *See* Fed. R. Civ. P. 10(a); *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) ("[T]he federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."). The district court afforded Doe an opportunity to correct the defect. When she refused to do so, the district court did not err in dismissing the matter for lack of jurisdiction.

Second, the district court did not abuse its discretion in denying Doe's motion to seal the case and retain anonymity. The district court considered the applicable factors and found that Doe's alleged mental condition is not the kind of exceptional circumstance that substantially outweighs the presumption of open judicial proceedings. Doe's mental condition is not central to her claim, her claim does not involve matters of a highly sensitive and personal nature, and disclosing her identity would result neither in a real danger of physical harm nor the very

injury litigated against. The court also noted that an alternative to completely sealing the case is available to her; she can ask the court to seal any specific medical or other records for which she believes disclosure would violate her privacy. This, too, weighs against her motion. The district court accordingly did not abuse its discretion when it denied Doe's motion to seal the case and retain anonymity.

For these reasons, the Court should affirm the district court.

## ARGUMENT

**I.  Doe did not commence an action because she never named herself.  The district court accordingly did not err when it dismissed her complaint for lack of jurisdiction.**

Doe appeals the dismissal of her anonymous complaint for lack of subject matter jurisdiction.  This Court reviews such claims de novo.  *E.g.*, *Perry v. Broad. Music, Inc.*, 23 F. App'x 210, 211 (6th Cir. 2001) (citing *Haio v. INS*, 199 F.3d 302, 304 (6th Cir. 1999)).

A truly anonymous filer cannot commence an action in federal court; the court itself, at least, must know the identity of the plaintiff to have jurisdiction over the matter.  *See Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch.*,  886 F.2d at 1247 ("[T]he federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.").   "A civil action is commenced by filing a complaint."  Fed. R. Civ. P. 3.  A filing is not a "complaint" unless it "name[s] all the parties."  Fed. R. Civ. P. 10(a); *see Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).  A complaint must be served with a summons, which itself is not effective unless it "name[s] . . . the parties" and "state[s] the name and address of the plaintiffs"  Fed. R. Civ. P. 4(a)(1)(A)-(C), (c).  The court may not issue a summons that is

not "properly completed." Fed. R. Civ. P. 4(b). Neither can a court accept a paper that fails to identify the filer; a court must strike "[e]very pleading, written motion, and other paper" that is not "signed by . . . a party personally if the party is unrepresented" or that does not "state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). A filing that does not identify the plaintiff does not commence a federal action and, accordingly, the district court lacks jurisdiction to adjudicate the matter. *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch.*, 886 F.2d at 1245.

These requirements to commence an action, and prohibitions on a court exercising jurisdiction over an unidentified plaintiff, are not mere technical hurdles. *See, e.g.*, *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). First, they "protect[ ] the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.*

Second, a court cannot administer justice on behalf of a party without being able to identify that party. Anonymity "undermines the efficiency of the courts by impeding the application of res judicata and collateral estoppel." *Doe v. Ky. Cmty. & Tech. Coll. Sys.*, No. CV 20-6-DLB, 2020 WL 495513, at *2 (E.D. Ky. Jan. 30, 2020). A court cannot

determine whether the anonymous filer is the real party in interest, has the capacity to sue or be sued, or is a minor or incompetent person. Fed. R. Civ. P. 17. It cannot determine whether it should or must recuse itself from the case as the result of having a personal, financial, or other prohibited connection to the party. *See* 28 U.S.C. § 455. In the event the court determines that relief is appropriate, it cannot determine to whom to afford relief. Should it determine during the proceeding that the anonymous filer seriously violated the court's rules, it could not determine who to sanction.

A plaintiff who wishes to commence a case but proceed without her identity being made public should file the case under seal using her real name and move to proceed under a pseudonym. *See, e.g.*, W.D. Mich. Local Civ. R. 10.7; *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). The plaintiff thereby commences the action, giving the court jurisdiction of the matter. The court then can review and appropriately determine any further motion to protect the plaintiff's identity, including a request to keep the entire matter under seal, to unseal the case but for the plaintiff's name, to enter a protective order, or other appropriate relief.

Doe, however, never identified herself to the district court. She accordingly failed to commence an action, and the district court lacked jurisdiction to adjudicate her claims. Fed. R. Civ. P. 10(a). The district court therefore did not err when it dismissed her complaint for lack of jurisdiction. *See Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch.*, 886 F.2d at 1245.

## II. The district court did not abuse its discretion when it denied Doe's motion to proceed anonymously.

Doe also appeals the denial of her motion to seal the case and enter other orders that would permit her to remain anonymous. The Court reviews a district court's decision not to seal a case or grant anonymity for abuse of discretion. *See, e.g., Porter*, 370 F.3d at 560 (reviewing for abuse of discretion a district court's grant of a protective order regarding anonymity); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983) (reviewing for abuse of discretion a district court's decision to seal records and noting that the First Amendment limits judicial discretion to seal a case).

The Constitution and common law limit judicial discretion to seal court documents. *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1165. Our constitutional system prioritizes the public nature of legal

13

principles and decisions. *Id.* "[C]ourt records often provide important, sometimes the only, bases or explanations for a court's decision." *Id.* at 1177. Public access to information contained in court documents is a fundamental feature of our judicial system. *Id.* at 1165, 1177.

Sealed cases and pseudonymous complaints are strongly disfavored because they impair the ability of the public to understand and evaluate a court's decision. *See id.* A lawsuit is inherently a "public event," one that spends public resources and affects the public interest. *See Frank*, 951 F.2d at 323, 324. Publicly identifying the parties is imperative to maintaining the strong, constitutionally embedded preference for "open judicial proceedings." *See id.*; *Porter*, 370 F.3d at 560.

For these reasons, "[i]t is the exceptional case in which a plaintiff may proceed under a fictitious name." *Frank*, 951 F.2d at 323. "The risk that a plaintiff may suffer some embarrassment is not enough" to overcome the presumption in favor of open judicial proceedings. *Id.* at 324 (finding no abuse of discretion where the district court refused to permit anonymity to a plaintiff who, in a case involving his alleged alcoholism, expected to "face the disapproval of many in his community"

if required to proceed under his real name). A district court may excuse a plaintiff from identifying herself only in "exceptional" circumstances where the "plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Porter*, 370 F.3d at 560; *Frank*, 951 F.2d at 324. Such circumstances include "matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Frank*, 951 F.2d at 324.

The Sixth Circuit has articulated a non-exclusive set of factors a court should consider when determining whether a plaintiff's privacy interests outweigh the constitutional preference for open judicial proceedings. *Porter*, 370 F.3d at 560. These include whether the plaintiff is suing a private party or a governmental entity; whether prosecution of the suit will "disclose information 'of the utmost intimacy'" or "an intention to violate the law;" and whether the plaintiff is a minor. *Id.* Additionally, a court should consider whether, if the plaintiff remains anonymous, the defendants would be forced to proceed with insufficient information to present their arguments against the plaintiff's case. *See id.* at 561; *Marsh*, 123 F. App'x at 636.

Doe contends the district court abused its discretion when it denied her anonymity because "neither the magistrate nor the judge discussed the primary issue in contention, mental illness." (App. Br. at 21.) She contends that the first two factors favor her request for anonymity: she is suing the government, and her lawsuit divulges personal information regarding her mental health. Doe does not contend that this action implicates the third or fourth factors, risk of criminal prosecution or a minor plaintiff. (*See generally id.*) She additionally contends that public policy should favor permitting her to proceed anonymously because she will decline to prosecute the case if she must name herself. (*See id.*)

The district court did not abuse its discretion when it found the circumstances did not merit granting Doe's request to seal the case and retain her anonymity. First, the fact that Doe sued a public defendant does not weigh in favor of anonymity. Second, Doe's alleged mental health condition is not information of the utmost intimacy; Doe's alleged disability is neither central to her claim nor exceptionally intimate. Third, Doe's circumstances as a whole are not so exceptional as to outweigh the presumption of openness. Identifying herself will not

reveal a matter of a highly sensitive and personal nature, and it would neither result in a real danger of physical harm nor cause the very injury she litigates against. Fourth, to the extent that a specific document contains information that should not be publicly disclosed, the information can be protected by narrower methods than sealing or complete anonymity.

For all these reasons, the district court did not abuse its discretion when it refused to seal the case. The Court should affirm the judgment of the district court.

## A. The first factor, a governmental defendant, does not weigh in favor of anonymity.

The fact that Doe is suing the government does not weigh in favor of granting her request for anonymity. *See Frank*, 951 F.2d at 323-24. This factor "must be viewed in the context that it was first articulated." *Id.* at 323. A plaintiff proceeding against a private party must meet a higher burden to maintain anonymity because the action "may cause damage to their good names and reputation and may also result in economic harm." *Id.* at 323-24. A governmental entity does not face such harms and, accordingly, a plaintiff who proceeds against the government does not face an additional hurdle to establishing

anonymity. *See id.* Merely proceeding against the government, however, does not weigh in favor of overcoming the strong, constitutionally-embedded presumption in favor of open judicial proceedings. *See id.*

### B. Doe's alleged mental health condition does not overcome the presumption against anonymity because it is neither central to her claim nor "of the utmost intimacy."

Doe failed to identify how proceeding with this case would compel her "to disclose information 'of the utmost intimacy.'" *See Porter*, 370 F.3d at 560. First, the action does not require her to disclose intimate information because no such information is central to her claim. Second, Doe's alleged mental condition is not particularly intimae information. Third, to the extent Doe might disclose personal information, sealing the case and prohibiting public disclosure of her identity is not the least restrictive means of protecting the information.

First, Doe's mental health is not central to her claims. Doe claims that the state and federal government failed to properly administer "the Housing Choice Voucher Program (Section 8)." (*See* App. Br. at 51; R.1: Complaint, PageID.2.) Her claim turns on whether the governments violated the law with regard to how they processed and handled her

voucher, not on the particulars of her alleged mental condition. *See Ky. Cmty. & Tech. Coll. Sys.*, 2020 WL 495513, at *2. Although an actual or perceived disability may be an element of a claim under the Rehabilitation Act or the Americans with Disabilities Act, "the exact nature of [Doe's disability] seem[s] tangentially relevant at best" to Doe's challenge to the administration of Section 8 vouchers. *See id.* Doe's action accordingly is unlikely to "require the disclosure 'of information of the utmost intimacy.'" *See id.* (*quoting Porter*, 370 F.3d at 560).

Second, Doe's alleged mental condition is not information of the utmost intimacy. An actual or perceived disability is an element of every claim under the ADA. *See, e.g.*, 42 U.S.C. § 12132 (providing that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such any entity"); *Whitfield v. Tennessee*, 639 F.3d 253, 257–58 (6th Cir. 2011) (comparing Title I and Title II of the ADA). The mere fact that each ADA case requires a plaintiff to disclose an actual or perceived disability does not justify sealing every such case or

proceeding under a pseudonym in each ADA matter.  Courts have held,

for example, that disabilities that involved the use of a wheelchair or

scooter for mobility, sensitive medical information, history as an exotic

dancer, and tattooed genitalia that revealed the plaintiff's

homosexuality were not information of the utmost intimacy.  *De Angelis*

*v. Nat'l Entm't Grp. LLC*, No. 2:17-CV-00924, 2019 WL 1071575, at *3

(S.D. Ohio Mar. 7, 2019) (collecting cases).  Doe did not present to the

district court evidence that her alleged mental health condition is the

kind of unique and exceptional circumstance that qualifies as

information of the utmost intimacy.

### C. Doe's circumstances as a whole do not present such an unusual situation in which the need for anonymity outweighs the presumption of openness.

Doe has not established exceptional circumstances that might

cause a personal privacy interest to outweigh the constitutional

imperative of open judicial proceedings.  *See Porter*, 370 F.3d at 560;

*Frank*, 951 F.2d at 324.  She does not allege that anonymity is

necessary to prevent her from incurring a "real danger of physical

harm."  *See Frank*, 951 F.2d at 324.  Neither would disclosing her

identity incur the very injury she is litigating against.  *See id.*  Doe also

has not made a showing that anonymity is necessary to prevent retaliation.  *See, e.g.*, *Ky. Cmty. & Tech. Coll. Sys.*, 2020 WL 495513, at *2 (requiring "real evidence" of a serious risk of retaliation, not merely hypothetical concerns, to overcome the presumption of open proceedings); *De Angelis*, 2019 WL 1071575, at *3 (collecting cases regarding the same).  Doe failed to show that her personal privacy interest outweighed the public ends of making available to the public the "bases or explanations for a court's decision" and maintaining the constitutionally-based presumption of providing public access to information contained in court documents.  *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1177.

Doe instead asserts, essentially, that she would be embarrassed if she identified herself.  *See Frank*, 951 F.2d at 323.  This is "not enough" to overcome the presumption in favor of open judicial proceedings.  *Id.* at 324; *see also Ky. Cmty. & Tech. Coll. Sys.*, 2020 WL 495513, at *2 (holding that although the plaintiff alleged he was mistreated after being accused of sexual misconduct, he chose to file a civil complaint for damages, and accordingly his "concerns do not substantially outweigh the presumption of open judicial proceedings").

**D. Any sensitive information can be protected by methods that are narrower than sealing the case or hiding Doe's identity.**

To the extent that Doe would rely on specific medical or other records that include information that the law would protect from public disclosure, the court correctly noted that she could have moved to have those individual records protected. (R.20: Report and Recommendation, PageID.107.) The protections could have taken many possible forms; Doe could have requested, for example, to have those specific records filed under seal, filed with redactions, or subject to a protective order. Maintaining the entire case under seal is not the least restrictive method of protecting any sensitive information that could be implicated in this matter. *Compare* W.D. Mich. Local Civ. R. 10.7(b) (requiring a party who seeks to proceed under seal to "justif[y]" the request by showing "extraordinary circumstances" and establishing "the absence of narrower feasible and effective alternatives (such as sealing discrete documents or redacting specific information)"). For this reason as well, Doe's claim does not require her to disclose information of the utmost intimacy.

For all these reasons, the district court did not abuse its discretion when it denied Doe's request to proceed anonymously.

## CONCLUSION

For the foregoing reasons, the Court should affirm the judgment of the district court.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Dated:  March 23, 2020

/s/ *Jeanne F. Long*
JEANNE F. LONG
Assistant United States Attorney
P.O. Box 208
Grand Rapids, Michigan 49501-0208
(616) 456-2404
jeanne.long@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2020, the foregoing document was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

I further certify that a copy of the foregoing document was mailed on this date to the opposing party if he/she was not registered to receive the document by the Court's electronic filing system.

Dated: March 23, 2020
/s/ *Jeanne F. Long*
JEANNE F. LONG
Assistant United States Attorney
P.O. Box 208
Grand Rapids, Michigan 49501-0208
(616) 456-2404
jeanne.long@usdoj.gov

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Rules 32(a)(7) and (g) of the Federal Rules of Appellate Procedure, the undersigned certifies that this brief complies with the type-volume limitation and contains no more than 13,000 words as provided by Rule 32(a)(7)(B). A word count was made using Word 2016 and the brief contains 4,001 words.

Dated: March 23, 2020

/s/ *Jeanne F. Long*
JEANNE F. LONG
Assistant United States Attorney
P.O. Box 208
Grand Rapids, Michigan 49501-0208
(616) 456-2404
jeanne.long@usdoj.gov

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

| Description of Entry | Date | Record Entry Number | Page ID Number Range |
|---|---|---|---|
| Docket Sheet (1:18-cv-1231) | NA | NA | |
| Complaint | 11/02/18 | 1 | 1-33 |
| Amendment to Complaint | 11/26/18 | 7 | 47-62 |
| Motion to File 2nd Amendment to Complaint | 12/07/18 | 11 | 67-75 |
| Motion to Retain Anonymity | 12/07/18 | 12 | 76-87 |
| Response to Motions to Amend and to Retain Anonymity | 12/21/18 | 18 | 100-02 |
| Order denying Motion to Amend Complaint | 01/04/19 | 19 | 103-04 |
| Report & Recommendation | 01/04/19 | 20 | 105-07 |
| Opinion and Order | 05/03/19 | 27 | 122-24 |
| Notice of Interlocutory Appeal | 05/17/19 | 28 | 125-27 |
| Order of Dismissal | 05/30/19 | 32 | 169-70 |
| Order denying Motion to Amend Appeal | 06/25/19 | 33 | 171-72 |
| Notice of Appeal | 6/12/19 | 34 | 173-77 |